*Twenty-sixth Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## THE PINE KNOT COAL COMPANY *v.* PAUL NEUGARDT AND WILLIAM PRICE.

A court of equity will not intervene by injunction to restrain parties acting in accordance with law and pursuing their legal rights.

Opinion by

WALKER, J. This was an application, heard at chambers for a preliminary injunction, to restrain the defendant from levying upon and selling the property of the Pine Knot Coal Company on executions issued on one hundred and fifty judgments obtained against said company by the miners and laborers for wages, employed at their colliery in New Castle township, Schuylkill county, on the ground that Paul Neugardt, the magistrate, had issued writs of summons in all the cases without instruc-

tion of the miners and laborers, for the purpose of accumulating fees for himself and William Price, the constable having charge of the writs.

No appeals were taken out by the company (the defendant in the execution), and the contest now is as to costs. The bill alleges that the judgments were illegal, and that the claims of the men had been previously paid.

Numerous affidavits have been presented on the part of the defendant, which establishes the fact that the miners and laborers did authorize the justice to collect by suit their claims, and the costs would legally follow the judgments in their favor.

If the judgments, as alleged in the bill, were illegal, or nothing was due to the men, the remedy of the defendant was by appeal. The question now presented is as to the jurisdiction of the court to grant relief in the manner prayed for in the bill.

These proceedings were instituted under the act of assembly giving to every man the right to collect his claim by suit.

If any injustice was done to the defendant, his remedy was by appeal—not by bill in equity. Courts may restrain acts contrary to law, but not when they are according to positive law.

Under the authority of Brown's appeal, 16 P. F. Smith 155, the court of common pleas, in a case like the present, it was ruled, has no jurisdiction to restrain by injunction, and therefore the injunction prayed for in this case is refused.

Injunction refused and bill dismissed.

Messrs. *Geer* and *Bartholomew* for plaintiff; *J. W. Ryan* and *D. A. Jones*, Esqrs., for defendants.